IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

DAVID DIXON, et al.,             )
                          )
                          )
      Plaintiffs,       )
                          )       Case No. 4:19-cv-00112
v.                         )
                          )
CITY OF ST. LOUIS, et al.,   )
                          )
      Defendants.     )

## STIPULATION OF THE PARTIES

Pursuant to the terms of this stipulated agreement, Plaintiffs agree to suspend hearing on their

Motion for Temporary Restraining Order (ECF No. 5) with option to renew at a later date

pending potential resolution as follows:

1. The Defendant Judges agree that no later than close of business on Thursday, January 31, 2019, a Judge of the 22nd Judicial Circuit will hold a hearing for each of the Named Plaintiffs regarding their conditions of release.
2. Defendant Judges will set the time and location of these hearings without requiring a motion from Plaintiffs and provide notice to the Circuit Attorney's Office.
3. The Defendant Judges agree that the hearing will comply with the requirements in the forthcoming Missouri Supreme Court Rules regarding the conditions of release, particularly Rule 33.01, set forth below.
4. The Parties agree that Rule 33.01 states as follows:

33.01 MISDEMEANORS OR FELONIES – RIGHT TO RELEASE – CONDITIONS

(a) A defendant charged with a bailable offense shall be entitled to be released from custody pending trial or other stage of the criminal proceedings.

(b) The defendant's release shall be upon the conditions that:

(1) The defendant will appear in the court in which the case is prosecuted or appealed, from time to time as required to answer the criminal charge;

(2) The defendant will submit to the orders, judgment and sentence, and process of the court having jurisdiction over the defendant;

(3) The defendant shall not commit any new offenses and shall not tamper

1

with any victim or witness in the case, nor have any person do so on the defendant's behalf; and

(4) The defendant will comply fully with any and all conditions imposed by the court in granting release.

(c) The court shall release the defendant on the defendant's own recognizance subject only to the conditions under subsection (b) with no additional conditions of release unless the court determines such release will not secure the appearance of the defendant at trial, or at any other stage of the criminal proceedings, or the safety of the community or other person, including but not limited to the crime victims and witnesses. If the court so determines, it shall set and impose additional conditions of release pursuant to this subsection.

The court shall set and impose the least restrictive condition or combination of conditions of release, and the court shall not set or impose any condition or combination of conditions of release greater than necessary to secure the appearance of the defendant at trial, or at any other stage of the criminal proceedings, or the safety of the community or other person, including but not limited to the crime victims and witnesses.

When considering the least restrictive condition or combination of conditions of release to set and impose, the court shall first consider non-monetary conditions. Should the court determine non-monetary conditions alone will not secure the appearance of the defendant at trial, or at any other stage of the criminal proceedings, or the safety of the community or other person, including but not limited to the crime victims and witnesses, then the court may consider monetary conditions or a combination of non-monetary and monetary conditions to satisfy the foregoing. After considering the defendant's ability to pay, a monetary condition fixed at more than is necessary to secure the appearance of the defendant at trial, or at any other stage of the criminal proceedings, or the safety of the community or other person, including but not limited to the crime victims and witnesses, is impermissible.

If the court determines additional conditions of release are required pursuant to this subsection, it shall set and impose one or more of the following conditions of release:

(1) Place the defendant in the custody of a designated person or organization agreeing to supervise the defendant;

(2) Place restrictions on the travel, association, or place of abode of the defendant during the period of release, including the holding by the court of the defendant's passport;

(3) Require the defendant to report regularly to some officer of the court

2

or peace officer, in such manner as the court directs;

(4) Require the use of electronic monitoring of defendant's location, the testing of defendant for drug or alcohol use, or the installation and use of ignition interlock devices. The court may order the eligible defendant to pay all or a portion of the costs of such conditions, but the court shall consider how best to minimize the costs to the defendant and waive the costs for an eligible defendant who is indigent and who has demonstrated to the court an inability to pay all or a portion of the costs;

(5) Require the defendant to seek employment, to maintain employment, or to maintain or commence an educational program;

(6) Require the defendant to comply with a specified curfew;

(7) Require the defendant to refrain from possessing a firearm or other deadly weapon;

(8) Require the defendant to abstain from possession or use of alcohol or any controlled substance without a physician's prescription;

(9) Require the defendant to undergo available medical, psychological or psychiatric treatment, including treatment for drug or alcohol dependency and remain in a specified institution if required for that purpose;

(10) Require the defendant to return to custody for specified hours following release for employment, school, treatment, or other limited purpose;

(11) Require the defendant to be placed on home supervision with or without the use of an electronic monitoring device. The court may order the eligible defendant to pay all or a portion of the costs of the electronic monitoring, but the court shall consider how best to minimize the costs of such condition to the defendant and waive the costs for an eligible defendant who is indigent and who has demonstrated to the court an inability to pay all or a portion of the costs;

(12) Require the defendant to execute a monetary bond in a stated amount wherein the defendant promises to pay to the court the stated amount should the defendant fail to appear or abide by the conditions of release;

(13) Require the execution of a monetary bond in a stated amount with sufficient sureties, or the deposit in the registry of the court of a sum in cash or negotiable bonds of the United States or the State of Missouri or any political subdivision;

3

(14) Require the execution of a monetary bond in a stated amount and the deposit in the registry of the court of 10 percent, or such lesser sum as the court directs, of such sum in cash or negotiable bonds of the United States or the State of Missouri or any political subdivision;

(15) Require the deposit of a property bond of sufficient value as approved and directed by the court;

(16) Impose other conditions necessary to secure the appearance of the defendant at trial, or at any other stage of the criminal proceedings, or the safety of the community or other person, including but not limited to the crime victims and witnesses.

(d) Should the court determine upon clear and convincing evidence that no combination of non-monetary conditions and monetary conditions will secure the safety of the community or other person, including but not limited to the crime victims and witnesses, then the court shall order the defendant detained pending trial or any other stage of the criminal proceedings. A defendant so detained shall, upon written request filed after arraignment, be entitled to a trial which begins within 120 days of the defendant's request or within 120 days of an order granting a change of venue, whichever occurs later. Any request by the defendant to continue the trial beyond the 120 days shall be considered a waiver by the defendant of the right to have the trial conducted within 120 days.

(e) In determining whether to detain the defendant pursuant to subsection (d) or release the defendant with a condition or combination of conditions of release, if any, pursuant to subsection (c), the court shall base its determination on the individual circumstances of the defendant and the case. Based on available information, the court shall take into account: the nature and circumstances of the offense charged; the weight of the evidence against the defendant; the defendant's family ties, employment, financial resources, including ability to pay, character, and mental condition; the length of the defendant's residence in the community; the defendant's record of convictions; the defendant's record of appearance at court proceedings or flight to avoid prosecution or failure to appear at court proceedings; whether the defendant was on probation, parole or release pending trial or appeal at the time the offense for which the court is considering detention or release was committed; and a validated evidentiary-based risk assessment tool approved by the Supreme Court of Missouri.

(f) A court detaining or releasing the defendant under this rule shall enter an order stating the condition or combination of conditions of release, if any, set and imposed by the court. If the defendant is detained and unable to comply with any condition of release, the defendant shall have the right to a release hearing pursuant to Rule 33.05. At any hearing conducted under Rule 33, the court shall permit but not require either party to make a record on the defendant's financial status and ability to pay any monetary condition. At such hearing, the court shall

4

also make written or oral findings on the record supporting the reasons for detention or conditions set and imposed. The court shall inform the defendant of the conditions set and imposed, if any, and that the conditions of release may be revoked and the defendant detained until trial or other stage of the criminal proceedings for violation of any of the conditions of release and that a warrant for the defendant's arrest may be issued immediately upon notification to the court of any such violation.

5. The Defendant Judges agree that the hearings for Named Plaintiffs will comply with the following requirements:

    a. That at hearings on conditions of release for Named Plaintiffs, Plaintiffs will have the ability to present evidence, including witnesses, that pertain to their conditions of release, and may contest any evidence and cross-examine any witnesses presented by the state.

    b. That hearings for the Named Plaintiffs will be on the record in open court, and that this record will contain written findings stating the standard of review and the reason for any order continuing to detain plaintiffs on a monetary condition of release.

    c. That this record shall be preserved and maintained by the court in each case and made available for review in the above styled matter.

    d. That Plaintiffs' Counsel will make arrangements for the Named Plaintiffs to be represented by legal counsel for the limited purpose of these hearings concerning conditions of release.

6. The Court has set a status hearing on this matter at 12:30 PM on Friday February 1, 2019 at which time parties will have briefed the issue of whether a monetary condition of release set at an amount higher than the arrestee has the ability to pay is a de facto order of detention.

7. This agreement does not constitute waiver or concession of any legal arguments or objections in this case.

Respectfully submitted,

*/s/Michael-John Voss*
**ARCHCITY DEFENDERS, INC.**
Blake A. Strode (MBE #68422MO)
Michael-John Voss (MBE #61742MO)
Jacqueline Kutnik-Bauder (MBE # 45014MO)
Sima Atri (MBE #70489MO)
John M. Waldron (MBE #70401MO)
440 N. 4th Street, Suite 390
Saint Louis, MO 63102
855-724-2489
314-925-1307 (fax)
bstrode@archcitydefenders.org
mjvoss@archcitydefenders.org

jkutnikbauder@archcitydefenders.org
satri@archcitydefenders.org
jwaldron@archcitydefenders.org

**ADVANCEMENT PROJECT**

/s/ *Thomas B. Harvey*
Thomas B. Harvey (MBE #61734MO)
1220 L Street, N.W., Suite 850
Washington, DC 20005
Tel: (202) 728-9557
Fax: (202) 728-9558
tharvey@advancementproject.org

**INSTITUTE FOR CONSTITUTIONAL ADVOCACY AND PROTECTION (ICAP)**

/s/ *Seth Wayne*
Seth Wayne  (D.C. Bar No. 888273445)
(*pro hac vice* application forthcoming)
Nicolas Riley* (N.Y. Bar No. 5039607)
(*pro hac vice* application forthcoming)
Robert Friedman (D.C. Bar No. 1046738)
(*pro hac vice* application forthcoming)
Institute for Constitutional Advocacy and Protection
Georgetown University Law Center
600 New Jersey Ave. NW
Washington, D.C. 20001
Tel: 202-662-9042
sw1098@georgetown.edu
rdf34@georgetown.edu
nr537@georgetown.edu
* Admitted solely to practice law in New York; not admitted in the District of Columbia. Practice is limited pursuant to D.C. App. R. 49(c)(3).


**CIVIL RIGHTS CORPS**
/s/ *Alec Karakatsanis*
Alec Karakatsanis
D.C. Bar No. 999294
(*pro hac vice* application forthcoming)
Civil Rights Corps
910 17th Street NW, Suite 200
Washington, DC 20006
Tel: 202-599-0953

Fax: 202-609-8030
alec@civilrightscorps.org
*Attorneys for Plaintiffs*

ERIC SCHMITT
MISSOURI ATTORNEY GENERAL


*/s/ Thomas C. Albus*
Thomas C. Albus #46224MO
Assistant Attorney General
State of Missouri
207 W High St
Jefferson City MO 65101
573-751-7421
Tom.albus@ago.mo.gov

*Attorney for Defendant Judges*

JULIAN L. BUSH
CITY COUNSELOR

*/s/ Robert H. Dierker*
Robert H. Dierker 23671MO
Associate City Counselor
dierkerr@stlouis-mo.gov
1200 Market St.
City Hall, Rm 314
St. Louis, MO 63103
314-622-3361
Fax 314-622-4956

*Attorneys for Defendants*
*City of St. Louis, Betts,*
*Glass*