IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DAVID DIXON, et al., | ) |
| Plaintiffs, | ) ) ) |
| V. | ) ) Case 4:19-cv-00112-AGF |
| CITY OF ST. LOUIS, et al., | ) ) ) |
| Defendants. | ) ) |

**PLAINTIFFS' RESPONSE TO THE COURT'S ORDER FOR SUPPLEMENTAL BRIEFING**

At the January 30, 2019, hearing on Plaintiffs' Motion for a Temporary Restraining Order, this Court ordered the parties to provide supplemental briefing addressing the following question: does a monetary condition of release set at an amount higher than the arrestee has the ability to pay constitute a de facto order of detention?

The answer to the Court's question is an unqualified yes. For decades, courts have recognized that the "setting of bond unreachable because of its amount would be tantamount to setting no conditions at all." *United States v. Leisure*, 710 F.2d 422, 425 (8th Cir. 1983) (quoting *United States v. Leathers*, 412 F.2d 169, 171 (D.C. Cir. 1969)); *see also, e.g.*, *ODonnell v. Harris Cty.*, 892 F.3d 147, 158 (5th Cir. 2018) ("[W]hen the accused is indigent, setting a secured bail will, in most cases, have the same effect as a detention order."); *ODonnell v. Harris Cty.*, 251 F. Supp. 3d 1052, 1161 (S.D. Tex. 2017) ("These bail orders operate as de facto orders of pretrial preventive detention, without the procedures due process requires and in violation of equal protection.");[1] *In re Humphrey*,

---

[1] Judge Rosenthal emphasized this point repeatedly in *ODonnell*. *See also, e. g.*, 251 F. Supp. 3d at 1131 ("The court finds and concludes that Harris County has a custom and practice of using secured money bail to operate as de facto orders of detention in

1

228 Cal. Rptr. 3d 513, 517 (Cal. Ct. App. 2018) ("[T]he court's order, by setting bail in an amount it was impossible for petitioner to pay, effectively constituted a *sub rosa* detention order."); *Caliste v. Cantrell*, 329 F. Supp. 3d 296, 309 (E.D. La. 2018) ("This evidence suggests that Judge Cantrell regularly sets bail without considering the defendant's ability pay or qualification for alternative conditions of release and that these practices regularly result in pretrial detention based on inability to pay bail."). It is easy to see why, as a simple example illustrates: for an arrestee with only $50 to her name, an order setting secured bail of $10,000 has the same effect as an order denying release altogether. In each instance, the order results in detention.

It follows, as every court to consider the question has held, that when a court "insist[s] on terms in a 'release' order that will cause the defendant to be detained pending trial"—here, secured money bail in an unaffordable amount—the court must support that order in the same ways it is required to justify a transparent order of detention. *See United States v. Mantecon-Zayas*, 949 F.2d 548, 550 (1st Cir. 1991). That means applying constitutionally required procedural safeguards, the court must make a substantive finding that detention advances a compelling government interest (*i.e.*, ensuring court appearance or protecting the public), and that there are no less restrictive alternatives available to advance that interest. *See, e.g.*, *id.*; *Leisure*, 710 F.2d at 425 (holding that district court abused its discretion in setting bond because the unattainable amount was not "reasonabl[y] calculate[ed]" to "assure the appellants' appearance at trial"); *In re Humphrey,* 228 Cal. Rptr. 3d at 545 ("If the court determines that petitioner

---

misdemeanor cases."); *id.* at 1156 ("These de facto orders of pretrial preventive detention operate only against indigent misdemeanor defendants who are unable to pay the financial condition."); *id.* ("These de facto detention orders are not narrowly tailored to meet a compelling government interest.").

is unable to afford the amount of money bail it finds necessary to ensure petitioner's future court appearances, it may set bail at that amount only upon a determination by clear and convincing evidence that no less restrictive alternative will satisfy that purpose."); *Reem v. Hennessy*, No. 17-CV-06628-CRB, 2017 WL 6539760, at *1, 5 (N.D. Cal. Dec. 21, 2017) (requiring state court to make a flight risk finding and provide procedural safeguards to sustain what the state court "acknowledg[ed] . . . amounted to a detention order in practical effect because Reem was unable to afford bail in any amount"); *Brangan v. Commonwealth*, 80 N.E.3d 949, 963 (Mass. 2017) ("[W]here a judge sets bail in an amount so far beyond a defendant's ability to pay that it is likely to result in long-term pretrial detention, it is the functional equivalent of an order for pretrial detention, and the judge's decision must be evaluated in light of the same due process requirements applicable to such a deprivation of liberty.").[2]

This longstanding rule highlights the importance of an inquiry into ability to pay prior to setting an arrestee's conditions of release, as knowledge of what a person can afford is a critical pre-requisite to determining whether a monetary condition of release is the least restrictive means of serving legitimate government interests, or is merely a proxy for unconstitutional detention. *See, e.g.*, *Caliste v. Cantrell*, 329 F. Supp. 3d at 312 ("[T]he risk of erroneous deprivation without an inquiry into ability to pay is high."); *In re Humphrey*, 228 Cal. Rptr. 3d at 534 ("A determination of ability to pay is critical in the bail context to guard against improper detention based only on financial resources.");

---

[2] *Brangan* defined "long-term pretrial detention" as "detention for a period of time longer than the defendant might need to collect cash or collateral to post bail." *See* 80 N.E.3d at 693 n.4.  Thus, any period an indigent arrestee remains in jail past when a wealthier arrestee who could afford bail is released qualifies as "long-term" detention as *Brangan* used the phrase.

*Hernandez v. Sessions*, 872 F.3d 976, 992 (9th Cir. 2017) ("By maintaining a process for establishing the amount of a bond that likewise fails to consider the individual's financial ability to obtain a bond in the amount assessed or to consider alternative conditions of release, the government risks detention that accomplishes 'little more than punishing a person for his poverty.'" (quoting *Bearden v. Georgia*, 461 U.S. 660, 669 (1983)).

For these reasons, the Court should find that any order requiring secured money bail that an arrestee cannot afford as a condition of release constitutes a de facto detention order, and must meet the same requirements for any other order that results in pretrial detention.

Dated: January 31, 2019                    Respectfully submitted,

/s/Michael-John Voss
**ARCHCITY DEFENDERS, INC.**

Blake A. Strode (MBE #68422MO)
Michael-John Voss (MBE #61742MO)
Jacqueline Kutnik-Bauder (MBE # 45014MO)
Sima Atri (MBE #70489MO)
John M. Waldron (MBE #70401MO)
440 N. 4th Street, Suite 390
Saint Louis, MO 63102
855-724-2489
314-925-1307 (fax)
bstrode@archcitydefenders.org
mjvoss@archcitydefenders.org
jkutnikbauder@archcitydefenders.org
satri@archcitydefenders.org
jwaldron@archcitydefenders.org

**ADVANCEMENT PROJECT**

/s/ Thomas B. Harvey
Thomas B. Harvey (MBE #61734MO)
1220 L Street, N.W., Suite 850
Washington, DC 20005

Tel: (202) 728-9557
Fax: (202) 728-9558
tharvey@advancementproject.org

**INSTITUTE FOR CONSTITUTIONAL ADVOCACY AND PROTECTION**

/s/ Seth Wayne
Seth Wayne (D.C. Bar No. 888273445, Federal Bar No. 888273445) (admitted *pro hac vice*)
Nicolas Riley* (N.Y. Bar No. 5039607) (pro hac vice application forthcoming)
Robert Friedman (D.C. Bar No.1046738, Federal Bar No. 5240296NY) (admitted *pro hac vice*)
Institute For Constitutional Advocacy and Protection
Georgetown University Law Center
600 New Jersey Ave. NW
Washington, D.C. 20001
Tel: 202-662-9042
sw1098@georgetown.edu
rdf34@georgetown.edu
nr537@georgetown.edu

*Admitted solely to practice law in New York; not admitted in the District of Columbia. Practice is limited pursuant to D.C. App. R. 49(c)(3).

**CIVIL RIGHTS CORPS**

/s/ Alec Karakatsanis
Alec Karakatsanis D.C. Bar No. 999294 (*pro hac vice* application forthcoming)
910 17th Street NW, Suite 200
Washington, DC 20006
Tel: 202-599-0953
Fax: 202-609-8030
alec@civilrightscorps.org

*Attorneys for Plaintiffs*

5

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 31st day of January, 2019, I electronically filed the foregoing with the clerk of the court for the U.S. District Court, Eastern District of Missouri, using the electronic case filing system of the Court. This Response to the Court's Order for Supplemental Briefing will be served in accordance with the Federal Rules of Civil Procedure.

                /s/ Seth Wayne