IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DAVID DIXON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. 4:19-cv-00112 |
| v. | ) |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' STATUS REPORT**

In lieu of refiling their Motion for Temporary Restraining Order, Plaintiffs now present to the Court the following status report:

1. On Friday, February 1, 2019, the parties appeared before this Court for a status conference in the above-named matter. At that time, Plaintiffs informed the Court that they intended to refile a Motion for Temporary Restraining Order on behalf of Plaintiffs David Dixon and Jeffrey Rozelle, who remained incarcerated following hearings that Plaintiffs maintain were constitutionally deficient.

2. On the afternoon of February 1, Plaintiffs' counsel learned that a third party advocacy organization, Robert F. Kennedy Human Rights, based in New York City, intended to post Mr. Dixon's $30,000 money bail and Mr. Rozelle's $15,000 money bail. Inspired by the federal bail reform legacy of Robert Kennedy, that organization has recently bailed out individuals from New York City's Rikers Island jail and in jails in several other states.

3. Because the Defendant City of St. Louis only permits posting bail between 9:00 a.m. and 5:00 p.m., Monday through Friday, the earliest possible date that this third party could post bail for Mr. Dixon and Mr. Rozelle was Monday, February 4.

4. On February 1 at approximately 4:00 p.m., Plaintiffs' counsel contacted counsel for the Defendant Judges by telephone to inform him that a TRO would not be necessary if Mr. Dixon and Mr. Rozelle could be bailed out on February 4.  The proposed payment by the third party was provided in the form of a cashier's check.  Plaintiffs' counsel explained to counsel for the Defendant Judges that this would require authorization from the Judges due to a City of St. Louis policy to only accept bail paid in cash unless a judge has

1

ordered otherwise or unless the cashier's check is presented by a non-profit organization called The Bail Project, which the City permits to present cashier's checks.

5. Counsel for the Defendant Judges then conferred with Defendant Burlison and told Plaintiffs' counsel that a third party would be permitted to post bail with cashier's checks for Mr. Dixon and Mr. Rozelle. Counsel for the Defendant Judges further stated that Defendant Burlison personally assured him this would not be a problem, and that a member of the Attorney General's office would appear in person at the courthouse if necessary to ensure that the bail payment would be accepted.

6. On February 4, acting on these assurances, Robert F. Kennedy Human Rights issued two cashier's checks to the St. Louis City Clerk's office in the amounts of $30,000 and $15,000. An individual then flew from New York City to St. Louis with the checks, and arrived at the St. Louis City Circuit Court by approximately 4:00 p.m.

7. When the individual attempted to post bail for Mr. Dixon and Mr. Rozelle using these cashier's checks, he was told that bail must be posted in cash. The individual explained that the Presiding Judge had given permission to post bail using cashier's checks, but the clerk insisted that a written order was required.

8. Plaintiffs' counsel then called counsel for the Defendant Judges, who stated that Defendant Burlison now preferred for Plaintiffs to request orders from the judges that had presided over Mr. Dixon's and Mr. Rozelle's hearings the week prior. Plaintiffs' counsel reminded counsel for the Defendant Judges that several people had relied on representations made by counsel on February 1. One such representation was that Defendant Burlison, as the Presiding Judge, would ensure that bail could be posted using cashier's checks. Counsel for the Defendant Judges apologized and reiterated that Defendant Burlison was unwilling to get involved.

9. At approximately 4:10 p.m., following this conversation, Plaintiffs' counsel went to the courtroom of Judge Thomas Clark, who presided over Mr. Dixon's bail determination, and informed the clerk of Mr. Dixon's urgent request for an order permitting that his bail be posted using a cashier's check. After checking Judge Clark's chambers, the clerk informed Plaintiffs' counsel that the judge had departed for the day.

10. When Plaintiffs' counsel returned to the clerk's window on the first floor in search of an alternative solution, the bonding office had already closed early for the day. The time was approximately 4:30 p.m.

11. Mr. Dixon and Mr. Rozelle remain incarcerated in the custody of the City of St. Louis.

12. Plaintiffs intend to again seek the required permissions to post bail for Mr. Dixon and Mr. Rozelle tomorrow, February 5, and will attempt to secure the amount demanded in cash if necessary. As such, Plaintiffs do not anticipate refiling their TRO motion at this time.

13. Plaintiffs intend to file a class-wide Motion for Preliminary Injunction or, depending on whether factual disputes exist, a Motion for Partial Summary Judgment as soon as feasible within the next 7-10 days. Plaintiffs' counsel hopes to work with counsel for Defendants to significantly narrow or eliminate any factual disputes in the case in order to expedite this process to isolate the discrete legal issues on which the parties disagree: the substantive findings and procedural safeguards required for a de facto or transparent order of pretrial detention.

Dated: February 4, 2019

Respectfully submitted,

By: */s/ Blake A. Strode*
**ArchCity Defenders, Inc.**
Blake A. Strode (MBE #68422MO)
Michael-John Voss (MBE #61742MO)
Jacqueline Kutnik-Bauder (MBE # 45014MO)
Sima Atri (MBE #70489MO)
John M. Waldron (MBE #70401MO)
440 N. 4th Street, Suite 390
Saint Louis, MO 63102
855-724-2489
314-925-1307 (fax)
bstrode@archcitydefenders.org
mjvoss@archcitydefenders.org
jkutnikbauder@archcitydefenders.org
satri@archcitydefenders.org
jwaldron@archcitydefenders.org

**Advancement Project**
/s/ *Thomas B. Harvey*
Thomas B. Harvey (MBE #61734MO)
1220 L Street, N.W., Suite 850 Washington, DC 20005
Tel: (202) 728-9557
Fax: (202) 728-9558
tharvey@advancementproject.org

**Institute for Constitutional Advocacy and Protection (ICAP)**
/s/ *Seth Wayne*
Seth Wayne
D.C. Bar No. 888273445

3

Nicolas Riley*
N.Y. Bar No. 5039607
(*pro hac vice* application forthcoming)
Robert Friedman
D.C. Bar No. 1046738

Institute for Constitutional Advocacy and Protection
Georgetown University Law Center
600 New Jersey Ave. NWWashington, D.C. 20001
Tel: 202-662-9042
sw1098@georgetown.edu
rdf34@georgetown.edu
nr537@georgetown.edu

* Admitted solely to practice law in New York; not admitted in the District of Columbia. Practice is limited pursuant to D.C. App. R. 49(c)(3).

**Civil Rights Corps**
/s/ *Alec Karakatsanis*
Alec Karakatsanis
D.C. Bar No. 999294
(Pro Hac Vice Application forthcoming)
Civil Rights Corps
910 17th Street NW, Suite 200
Washington, DC 20006
Tel: 202-599-0953
Fax: 202-609-8030
alec@civilrightscorps.org

*Attorneys for Plaintiffs*

CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of February, 2019, I electronically filed the foregoing with the clerk of the court for the U.S. District Court, Eastern District of Missouri, using the electronic case filing system of the Court.

By:  */s/ Blake A. Strode*