UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DAVID DIXON, et al., )
)
    Plaintiffs, ) Case No. 4:19-CV-00112-AGF
)
v. )
)
CITY OF ST. LOUIS, et al., )
)
    Defendants. )

MEMORANDUM OF DEFENDANTS CITY AND GLASS IN SUPPORT OF
MOTION TO STAY OR MODIFY PRELIMINARY INJUNCTION

    A preliminary injunction is an extraordinary remedy never awarded as of right. . . . In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." . . . "In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter v. NRDC, Inc.*, 555 U.S. 7, 24 (2008).

    The Court has concluded that bail practices in the 22nd Circuit of Missouri contravene the federal constitution.  Defendants City and Glass have no quarrel with the Court's conclusions as to what the constitution requires of the 22nd Circuit Court in that regard; however, the preliminary injunction entered by this Court on June 11 effectively designates the City's Corrections Commissioner Glass as the auditor of state court orders fixing the conditions of release of pretrial felony defendants who

remain in custody. The Court's order commands that the 22nd Circuit produce such orders within seven days (presumably calendar days). This will require conducting approximately 700 hearings by next Tuesday, transmittal of orders for any prisoners continuing in custody, and review of those orders by Commissioner Glass. The result is that the City and its Corrections Commissioner, defendant Glass, are placed in the impossible position of reviewing orders of Missouri circuit courts to determine if they comply with constitutional commands defined by this Court, and of releasing felony prisoners if they do not, for approximately 700 prisoners within seven days.[1] This rush to judgment creates a clear and present danger to public safety and imposes a logistical burden on the City Corrections Department (and the Sheriff as well, as his department transports most prisoners to the courthouse and back).

While the City and Commissioner Glass have no vested interest in bail bond practices in the 22nd Circuit of Missouri, they do have an interest in protecting the public, in vindicating the rights of victims of crime in

---

[1] The terms of the preliminary injunction originally did not distinguish between state and federal prisoners, or between pretrial prisoners and probation violators. The Court has since clarified the order to include state pretrial prisoners only. ECF 97. The City and Commissioner Glass do not seek to stay the Court's order regarding misdemeanants, given the small numbers involved.

2

the City, and in maintaining order in the operation of corrections facilities. This Court's preliminary injunction of June 11 jeopardizes those interests and necessitates this application for a stay pending appeal, or at least a modification of the draconian timetable prescribed by the Court.

As of this filing, the state pretrial prisoners in Commissioner Glass' custody totaled approximately 700--the daily count varies due to release of persons on bond and intake of new arrestees. See Motion for Stay, Ex. 1 (Glass declaration) ¶¶2-3. Of the pretrial prisoners in custody at this time, 92 are charged with murder in the first degree, 23 with other degrees of homicide, 71 with assault first degree, 96 with robbery first degree, and 72 with domestic violence, sexual offenses (including against children), and violations of protection orders. *Id.*

This Court's preliminary injunction will force the release of all of the prisoners in custody unless the judges of the 22nd Circuit produce orders that conform to this Court's standards within the next three working days. This will require the Commissioner to arrange transport of hundreds of prisoners to the courthouses on a daily basis. It will allow little time for careful judicial consideration of conditions of release. It will allow

3

almost no time for victims and their families to be notified and to appear--as is their right under the Missouri constitution, Mo.Const. art. I, §32, a right that parallels a federal statutory right. See 18 U.S.C. §1371. See Motion, Ex. 2, declaration of Sarah Phillips.

    The City and Commissioner Glass are custodians of state prisoners in the 22nd Circuit of Missouri, they are not arbiters of the Missouri courts' bail bond practices, and they cannot and should not be saddled with that supervisory task. Yet this Court has done so. The City and Commissioner Glass will suffer immediate, irreparable harm if a stay is not granted, at least in part. As the declarations filed in support of the stay application demonstrate, the Court's order imposes on the 22nd Circuit the herculean task of reviewing conditions of release of some 700 felony prisoners in the now less than seven days. Most importantly, the order requires Commissioner Glass to embark on his role of auditor of state felony conditions of release immediately.

    The defendants in custody of the City and Commissioner Glass are not harmless misdemeanants. In fact, one defendant charged with a misdemeanor, who was bailed out by the Bail Bond Project mentioned in the Court's order, allegedly proceeded to kill the complaining witness.

4

Motion, Ex. 3. While plaintiffs would argue that such conduct by a bailed defendant merely reinforces their contention about wealth-based discrimination, the point of that illustration is that many pretrial prisoners *are dangerous*. There is no perfect way to ensure that conditions of release will always protect the community, but it is a certainty that wholesale release of persons charged with violent felonies (and who may already have prior convictions for similar felonies) will place crime victims, witnesses and the citizens of the City generally at grave risk. It is also a certainty that hasty detention hearings with little time for careful consideration and practically no time for victims to be accorded their right to be heard, will result in manifest unfairness to the prisoners, the victims, and the public.

Commissioner Glass is also likely to suffer irreparable harm individually in the absence of a stay. It can be anticipated that he will be the target of contempt citations from this Court if he does not perform his new role of pretrial release auditor in a manner that suits plaintiffs; and he could well be the target of contempt citations by state judges if he ignores their orders or finds them inadequate under this Court's criteria. He literally has no palatable options: if he errs in

5

continuing to detain a prisoner because the state court's order is inadequate, he is in violation of this Court's order; if he errs in releasing a prisoner charged with a violent offense, because he mistakenly believes the state court's order is inadequate, he puts victims, witnesses and public at risk--and if it is later determined that the state court order was valid, he is at risk of state contempt citations and perhaps personal liability to anyone injured by the erroneously released prisoner.  It is patently unfair to place the Commissioner on this carousel of Hobson's choices without appellate guidance.

The City and Commissioner Glass are well aware of the basic requirements for a stay of an injunction pending appeal:  probability of success on appeal; likelihood of irreparable harm absent the stay; absence of substantial injury to the other parties from a stay; and the public interest.  F.R.Civ.P. 62(c); *Nken v. Holder,* 556 U.S. 418, 434 (2009); cf. *Brady v. NFL,* 640 F.3d 785 (8th Cir. 2011)(applying F.R.A.P. 8(a)).

The City and Commissioner Glass have identified the likely irreparable harm to them and the public if the preliminary injunction remains in force.  They do not take issue with the Court's conclusions regarding constitutional bail hearings, but they respectfully would argue that they

6

have at least a fair chance of success on appeal.  The issue to be presented by these defendants is not the constitutionality of the bail bond practices of the 22nd Circuit Court, but the validity of the Court's selected remedy:  to use these defendants as the enforcement mechanism to ensure that the Court's bail hearing criteria are followed by the Circuit Court in felony cases.  The City and Commissioner Glass have a fair chance of obtaining relief on appeal on this issue for two reasons:  first, neither appellate decision cited by the Court in support of its order involves felony arrestees whose release conditions are not simply a function of a preordained bail schedule; second, the Court's selected remedy raises a significant question under *Preiser v. Rodriguez,* 411 U.S. 475 (1973), which is not even mentioned by the Court in its opinion and which was not addressed by either the Fifth or the Eleventh Circuits.

It is safe to say that this Court's order is unprecedented in the Eighth Circuit, is in conflict with other courts, see *Menter v. Mahon*, 2018 U.S. Dist. LEXIS 154800 (M.D.Fla. 2018), and will warrant careful consideration by the Court of Appeals.  It is likewise safe to say that the imposition of this extraordinary role of supervisor of state felony court orders on Commissioner

7

Glass goes far beyond preserving the status quo, and mandates new and different roles for the City and Commissioner Glass in the felony bail process.  It is proper to give these defendants the opportunity of seeking appellate guidance without a constant threat of contempt hanging over them.

As for irreparable harm to the plaintiffs, there is no truly "irreparable" harm.  If this Court's preliminary injunction is stayed only insofar as it imposes an audit and release function on Commissioner Glass, there is no reason to assume that the state judges will ignore this Court's legal conclusions and fail to adjust bail hearing procedures.  With regard to prisoners who have been detained for more than 48 hours already, there are and will be remedies available.  Many are aleady represented by counsel and have already obtained bond review hearings on motion.[2]  See Missouri Case.net, scheduled motion hearings in 22nd Circuit Division 16, *https: //www. courts. mo.gov/casenet/cases/searchDockets.do*.  Mo.R.Ct. 33.05 now provides for review of bail conditions at any time on motion, and the amended rule effective on July 1 mandates review within seven days even without an application, if

---

[2] The class certification order in this case raises an interesting procedural question:  who is entitled to assert a felony defendant's bail rights in state court?  Defense counsel or class counsel?

8

the defendant remains in custody more than 48 hours. Further, this Court has recognized that appellate review is also available--albeit this Court was dismissive of its adequacy. Finally, there is the (proper) remedy of habeas corpus. See *Arevalo v. Hennessy,* 882 F.3d 763 (9th Cir. 2018). In any event, there are ample avenues for plaintiffs to obtain bail review during the pendency of an appeal without imposing any audit and release requirements on the City and Commissioner Glass. Cf. *Nken v. Holder,* supra, 556 U.S. 435 (removal of alien during pendency of deportation challenge not "categorically irreparable" harm).

Finally, the public interest militates strongly in favor of a stay. As Chief Justice Roberts declared in *Winter,* supra, the public consequences of a preliminary injunction must be heeded by federal courts. The plaintiffs' interest in individual liberty is, of course, significant; but the formulaic recital of this truism does not define the whole of the public interest. The public interest is *not* served by forcing the custodian to release persons charged with serious offenses, in default of assembly-line bail review hearings that are not likely to provide careful and individualized consideration of

9

conditions of release, to say nothing of victims' interests.

At a minimum, the City and Commissioner Glass respectfully urge this Court to grant a modification of the preliminary injunction: relieve these defendants of any obligation to release pretrial prisoners who were in custody prior to June 11, if a hearing is not completed by Tuesday of next week. Surely the Court can allow a reasonable time to conduct 700 hearings. Additional time would also allow Commissioner Glass to apply to this Court for guidance when the Commissioner is presented with a state detention or committal order that plaintiffs consider deficient.

## Conclusion

For the foregoing reasons, defendants City of St. Louis and Commissioner Glass respectfully urge the Court to stay its order of June 11, insofar as it enjoins these defendants from detaining prisoners on facially valid state warrants for felony charges, pending disposition of the appeal filed herein. In the alternative, these defendants request that the Court modify its order as to pretrial prisoners in custody prior to June 11, permitting the completion of hearings and review of detention orders to take place within 30 days or such longer time

10

as the Court deems reasonable.

>    Respectfully submitted,
>    JULIAN L. BUSH
>    CITY COUNSELOR
>
>    /s/ Robert H. Dierker
>    Robert H. Dierker 23671MO
>    Associate City Counselor
>    dierkerr@stlouis-mo.gov
>    Megan Bruyns 69987MO
>    Assistant City Counselor
>    1200 Market St.
>    City Hall, Rm 314
>    St. Louis, MO 63103
>    314-622-3361
>    Fax 314-622-4956

11