UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID DIXON, et al. | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:19-cv-0112-AGF |
| CITY OF ST. LOUIS, et al., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' motions (ECF Nos. 99, 104) to stay execution of the Court's preliminary injunction order (ECF No. 95) pending appeal or, alternatively, to extend the deadline for compliance with the Court's order.

The parties appeared through counsel for a hearing on June 14, 2014.  During that hearing, Defendants asked that their requests in the alternative be treated as separate motions.  As such, the Court will deny Defendants' motion to stay in this memorandum and order and will grant in part their motion for additional time by separate order.

A party seeking a stay while a petition for permission to appeal is pending bears the burden of showing that: (1) the party is likely to succeed on the merits of the appeal; (2) the party will be irreparably injured unless the stay is granted; (3) the non-moving party will not be substantially injured by granting the stay; and (4) the public interest will not be harmed by granting the stay.  *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011). The most important factor is the appellant's likelihood of success on the merits, but

ultimately the court must consider the relative strength of all factors. *Id*. Considering all factors, the Court finds that a stay is not warranted.

First, the Court carefully examined Defendants' substantive arguments in its analysis of their motions to dismiss and ultimately concluded that applicable precedent does not prescribe dismissal on the facts of this case. In particular, the Court rejects Defendants' position that members of the Plaintiff class are confined to individual writ relief, whether by habeas corpus or mandamus. As discussed in the Court's memorandum and order, those remedies are inadequate in the context of Plaintiffs' actual circumstances. Other courts have recognized § 1983 class actions on similar facts, and *Oglala Sioux Tribe v. Fleming*, 904 F.3d 603 (8th Cir. 2018), is distinguishable insofar as the 48-hour hearings at issue there touched the merits of the underlying case rather than a distinct collateral issue. Although the Eighth Circuit *could* disagree with the Court's conclusions, the Court is not persuaded that Defendants are *likely* to succeed on the merits of their appeal.

Second, there is no risk that Defendants will be irreparably harmed absent a stay. On the contrary, Defendants fully accept the propriety of compliance with the due process requirements described in the Court's preliminary injunction order and in greater detail in new Missouri Rule of Criminal Procedure 33.01, to take effect in two weeks. This Court's order does not harm Defendants but instead benefits their system and the public by ensuring actual implementation of Rule 33.01 in the 22nd Circuit. Moreover, the Court has modified its preliminary injunction order to give Defendants additional time to comply.

Third, the non-moving party would indeed be substantially injured by a stay insofar as Plaintiff class members would remain incarcerated without due process.

Fourth, a stay would not serve the public interest.  As the Court emphasized repeatedly in Friday's hearing, the Court in no way advocates for the release of individuals who pose a safety risk.  Rather, the Court's order and Rule 33.01 require an individualized determination of factors that include an arrestee's risk of flight or danger to the public or to specific individuals.  But it is always in the public interest to uphold the Constitution and to avoid the incarceration of arrestees solely based on indigency.  The Court will not suspend those objectives pending further examination of the adequacy of state procedures.

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendants motions to stay the Court's preliminary injunction order are DENIED.  ECF Nos. 99 and 104.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of June, 2019.