UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID DIXON, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:19-cv-0112-AGF |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' motions (ECF Nos. 99, 104) to stay execution of the Court's preliminary injunction order (the "Order"; ECF No. 95) pending appeal or, alternatively, to extend the deadline for compliance with the Court's order.

The parties appeared through counsel for a hearing on June 14, 2014.  During that hearing, Defendants asked that their alternative requests be treated as separate and independent motions.  As such, the Court will herein grant in part their motions to extend deadlines for complying with the Order, thereby modifying the Order, and will address Defendants' motions to stay in a separate order.

In their motions and as more fully discussed on the record in June 14, the Defendant Judges report that they have begun conducting hearings with respect to new arrestees in compliance with the Court's Order and the terms of amended Missouri Supreme Court Rule 33.01 that becomes effective July 1, 2019.  However, Defendants state that they need additional time to conduct hearings for the approximately 700 arrestees who were already in detention pursuant to non-compliant bond orders prior to the Court's Order (i.e., the

"backlog" detainees).  While the Court will not grant Defendants an additional 30 to 45 days as requested in their respective motions, the Court will afford Defendants a limited period of additional time to comply with the Order with respect to the backlog detainees, with the understanding that the parties will work with one another to propose a prompt and reasonable plan and timeline for addressing the backlog detainees.

In accordance with discussions held on the record,

**IT IS HEREBY ORDERED** that Defendants' respective motions for additional time to comply with the Court's preliminary injunction order are **GRANTED in part**. ECF Nos. 99 and 104.

**IT IS FURTHER ORDERED** that the Court's preliminary injunction order is **MODIFIED** to amend the requirement that arrestees already in detention at the time of the Order receive a hearing within seven days thereof.  ECF No. 95.

**IT IS FURTHER ORDERED** that Defendants shall have until **June 19, 2019**, to collect data with respect to the backlog detainees, after which time the parties shall confer in good faith and propose a joint plan for the orderly and expeditious completion of hearings for the backlog detainees.  The parties shall submit their joint plan (or if unable to agree, noting the points on which there is disagreement), on or before **June 21, 2019**.  Said plan should include a logical prioritization and a realistic yet appropriately urgent time frame.

**IT IS FURTHER ORDERED** that, pending the filing of the joint plan, the Defendant Judges shall conduct thirty (30) hearings per work day beginning June 17, 2019, with respect the arrestees who were already in detention pursuant to non-compliant bond orders prior to the Court's Order (the backlog detainees).

**IT IS FURTHER ORDERED** that Defendants' counsel shall provide to Plaintiffs' counsel the names and case information of all backlog detainees and, as it becomes ascertainable, the date, time, and location of their hearings.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of June, 2019.