# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DAVID DIXON, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:19-cv-0112-AGF |
| | ) |
| CITY OF ST. LOUIS, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on Defendants' motion to stay proceedings (ECF No. 125) pending their interlocutory appeal of this Court's preliminary injunction order (ECF No. 95).

In support of their motion, Defendants contend that the Eighth Circuit is likely to hold that the *Younger* abstention doctrine directs dismissal of the entire case, so all further proceedings in this Court should be stayed in the interests of judicial economy. Plaintiffs respond that proceedings need not be stayed because, even if Defendants prevail in the Eighth Circuit, there will remain issues for this Court's determination, such as those involving the sheriff's practices of silencing arrestees and the right to counsel in 48-hour hearings, and the Court may still grant declaratory relief.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Boswell v. Panera Bread Co.*, 311 F.R.D. 515, 526 (E.D.

Mo. 2015), *aff'd*, 879 F.3d 296 (8th Cir. 2018) (citing *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* The Court weighs the potential prejudice or hardship to the parties as well as the interest of judicial economy.

After carefully weighing the competing interests in this case, the Court concludes that it must stay proceedings. The Court agrees with Defendants that abstention is the likely focus of the Eighth Circuit's review and that a result in their favor, which appears possible given the Circuit's initial orders, would nullify this Court's jurisdiction to remedy Plaintiffs' central claims. *Oglala Sioux Tribe v. Fleming*, 904 F.3d 603, 614 (8th Cir. 2018). Given the interrelated nature of Plaintiffs' various claims and prayers for relief, Court is not persuaded that it would retain jurisdiction to resolve any discrete collateral issues.

While the Court recognizes the potential prejudice of delay for the Plaintiff class should the Circuit ultimately hold for Plaintiffs, the Court finds that proceeding with discovery and dispositive motions at this time would offend the interests of judicial economy, not only for this Court but also to the extent that the demands of litigation would detract from efforts by Defendants and their counsel to implement the procedures set forth in new Missouri Supreme Court Rule 33.01 for the benefit of the Plaintiff class. The Court urges all parties to continue to work together toward that shared objective.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion is **GRANTED**. ECF No. 125. The case will be stayed and administratively closed pending a decision and mandate from the Eighth Circuit.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of August, 2019.