# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

DAVID DIXON, *et al.*,  )
          Plaintiffs,  ) Case No. 4:19-CV-0112-AGF
)
v.  )
)
CITY OF ST. LOUIS, *et al.*,  )
)
          Defendants.  )

## DEFENDANT JUDGES' MEMORANDUM IN REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR AMENDMENT AND PARTIAL RECONSIDERATION

Plaintiffs' opposition boils down to mere guesswork by picking out lines from the Court's November 24, 2020, Order to justify the relief given. *See, e.g.*, Doc. 229, at 2 ("Plaintiffs understand the basis for the Court's conclusion to be that…."); *id.* at 3 ("To the extent that the Court's conclusion was also based on…."). None of it is persuasive and, for the reasons provided in Defendant Judges' motion for amendment and partial reconsideration, the Court should grant the motion. *See* Doc. 221.

This Court has "broad discretion in determining whether to grant or deny a motion" for amendment and reconsideration. *Metro. St. Louis Equal Hous. & Opportunity Council v. City of Maplewood, Missouri*, No. 4:17CV886 RLW, 2018 WL 10396918, at *1 (E.D. Mo. May 8, 2018) (citations and quotations marks omitted). Such motions are warranted to correct "manifest errors of law or fact[.]" *Id.* (citations and quotation marks omitted). Defendant Judges have presented the Court with evidence to correct the conclusion that the Twenty-Second Judicial Circuit is conducting "essentially closed proceedings[.]" *See* Doc. 221. Defendant Judges

respectfully request that the Court exercise its discretion and grant them the relief requested.

In the interest of brevity, only some of Plaintiffs arguments made in the opposition merit a reply.

*First*, the Court has not been closed and has not been conducting "essentially closed court proceedings" including the bond hearings at issue in this case. As previously stated, the Circuit is bound by the Missouri Supreme Court's administrative orders on court access, as well as its own administrative orders. Doc. 221-1. The Supreme Court mandated that Missouri courts shall remain open, available, and able to carry out the core, constitutional functions of the Missouri judiciary as prescribed by law. *Id.* The Supreme Court also mandated that each Circuit court should work with local law enforcement, judiciary partners, and county health agencies to ensure that, to the extent possible, courthouses remain accessible to carry out time-sensitive in-person proceedings and other essential constitutional functions. The Circuit's administrative orders followed this mandate. Doc. 221-2 ("in-person proceedings may resume, but only for the most critical proceedings, based on a determination that alternative methods for conducting the proceedings cannot occur…"). Thus, at all times, counsel may contact the Court and be granted a hearing for critical proceedings. *Id.* However, when these orders, which often result from consultation with the Mayor's office or City Health Director, strictly limit the number of persons that can be present at a hearing, the general public's access to hearings has to be a lower priority than that of necessary participants.

Thus, while undoubtedly the courthouse had significantly restricted access to the public for a week, including to Ms. Matava, *see* Doc. 229, at 2-3, that was due to a COVID-19 positive test result, *see* Doc. 229-1, at 2, 5—*i.e.*, the virus Ms. Matava claims to be "particularly vulnerable to" and, therefore, "strive[s] to avoid any unnecessary risk." Doc. 229-1, at 11. Whatever procedures a courthouse implements to prevent the spread of the virus should not be stamped as a purported constitutional violation, particularly in a case where no party has pled such a violation. *Cf. United States v. Donziger*, No. 11-CV-691 (LAK), 2020 WL 5152162, at *2 (S.D.N.Y. Aug. 31, 2020) ("[T]here is no question that limiting the spread of COVID-19 and protecting at-risk individuals from exposure to the virus are critically important public policies."); Stephen E. Smith, *The Right to A Public Trial in the Time of Covid-19*, 77 Wash. & Lee L. Rev. Online 1, 6 (2020) ("Protecting the public from unnecessarily spreading a potentially fatal virus is not only a purpose the government *may* pursue; it is one it has an obligation to.").

The COVID-19 pandemic presents many challenges for conducting court proceedings that protect constitutional rights and the health and safety of spectators. The circumstances surrounding the pandemic are constantly in flux, and court procedures may change as time unfolds, but it is simply impossible to know what the state of the world will be in the New Year. Plaintiffs' opposition, respectfully, ignores this critical context.

*Second*, Plaintiffs argue that "First Amendment concerns can be taken into account when assessing whether discovery is unduly burdensome or proportional to

3

the needs of the case." Doc. 229, at 6 (citing *Wyoming v. U.S. Dep't of Agric.*, 208 F.R.D. 449 (D.D.C. 2002)). Their use of a "cf." introductory signal before citing to *Wyoming* is appropriate, because that case is facially distinguishable. There, Wyoming moved to compel the production of documents from non-party witnesses who objected to the subpoenas as violating their First Amendment rights to free association and to petition the government. *Wyoming*, 208 F.R.D. at 451. The court in *Wyoming* quashed the subpoenas because "the information sought from the non-party witnesses [was] irrelevant to the plaintiff's … claim and thus [did] not go to the heart of the lawsuit." *Id.* at 455. Thus, consistent with Defendant Judges' position, *see* Doc. 221, at 9-10, the court's quashing of the subpoenas in *Wyoming* affected the rights of the litigants before it. That is unlike the November 24, 2020, Order in this case, where the Court readily acknowledged that "[q]uestions with respect to the propriety of the 22nd Circuit Court conducting essentially closed court proceedings *[were] not before [it.]*" Doc. 214, at 6-7 (emphasis added).

*Third*, in response to Defendant Judges' contention that Ms. Matava's declaration contains hearsay, Plaintiffs do *not* deny that her declaration was offered to prove the truth of the matter asserted and was ultimately considered by the Court. *Compare* Doc. 214, at 6 ("Counsel for Plaintiffs indicated that, because of the court's restrictions on public access, at times Plaintiffs' court-watch volunteers have not been permitted to attend hearings, have not been able to obtain timely permission to attend, or have been uneasy attending in person (and refuse to return) because courtroom staff were not wearing masks."), *with id.* at 7 ("In light of the

4

limited access Defendants offer…."). And Ms. Matava is not Plaintiffs' counsel's agent to which the Fed. R. Evid. 801(d)(2)(D) exception to hearsay applies. *See* Doc. 232, at 8.

Accordingly, for these reasons, and those in Defendant Judges' motion for amendment and partial reconsideration, *see* Doc. 221, the Court should grant the motion.

Respectfully submitted,

**ERIC S. SCHMITT**
MISSOURI ATTORNEY GENERAL

/s/ *Jesus A. Osete*
D. John Sauer, #58721
 *Solicitor General*
Jesus A. Osete, #69267
 *Deputy Solicitor General*
Robert Isaacson, #38361
 *Assistant Attorney General*
Post Office Box 861
St. Louis, MO, 63188
Tel: (314) 340-7960
Fax: (314) 340-7029
*Counsel for Defendant Judges*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 31, 2020, a copy of the foregoing was filed electronically with the Clerk of Court to be served through the Court's electronic filing system upon all counsel of record.

/s/ *Jesus A. Osete*

Case: 4:19-cv-00112-AGF   Doc. #:  234   Filed: 12/31/20   Page: 6 of 6 PageID #: 2832