UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID DIXON, et al. | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) Case No. 4:19-cv-0112-AGF |
| CITY OF ST. LOUIS, et al., | ) ) ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' motion to amend the class definition and create a sub-class. Doc. 258. For the reasons set forth below, the motion will be denied.

### BACKGROUND

The facts of this case are recited in detail in the Court's previous Orders. See e.g., Doc. 95, 242, 243. To summarize, Plaintiffs were arrested and detained in St. Louis jails because they were unable to afford bail. Defendants are the City of St. Louis, certain City officials, and several judges of the 22nd Circuit. In January 2019, Plaintiffs filed this class action under 42 U.S.C. § 1983 asserting that Defendants violated their constitutional rights to equal protection and substantive and procedural due process by detaining them after arrest without an opportunity to challenge the conditions of their release. Plaintiffs requested certification of a class of "all arrestees who are or will be detained in the Medium Security Institution (the Workhouse) or the City Justice Center

1

(CJC), operated by the City of St. Louis, post-arrest because they are unable to afford to pay a monetary release condition." By Order dated June 11, 2019, the Court granted certification of that class. Doc. 95.[1]

In their original complaint, Plaintiffs alleged that the process by which Defendants imposed bail at an arrestee's initial appearance (held within 48 hours of arrest) was unconstitutional in that arrestees did not get a meaningful hearing examining their ability to pay, risk of flight, or danger to the public. In short, it focused on those individuals for whom bail was set. On July 1, 2019, the Missouri Supreme Court adopted revisions to Missouri Rule 33.01 governing pre-trial release conditions. The revised rule clarifies that a court cannot impose cash bail absent an individualized assessment of an arrestee's financial circumstances, flight risk, threat to public safety, and consideration of alternative release conditions. Detained defendants have a right to a review hearing within seven days.

In light of the new rule and to some extent in response to the present lawsuit, Defendants instituted several changes in their pre-trial procedures.[2] A specialized division of the 22nd Circuit was created to conduct all bail hearings, now held on the record, and arrestees are provided appointed counsel. A pre-trial services coordinator attends bail hearings and assists judges with referrals to

---

[1] The class was subsequently modified, with the parties' consent, to clarify that it did not include individuals in custody pursuant to federal court orders or probation violation warrants. Doc. 101.

[2] Email correspondence in the summary judgment record reflects that certain changes instituted in the 22nd Circuit came about in direct response to Plaintiffs' concerns and briefing in this case. Doc. 267-2 at pp. 680, 682.

2

appropriate service providers as part of an arrestee's release conditions (e.g., housing, treatment).  The reporting forms used by bond commissioners to interview arrestees and provide individualized information to the court were expanded to cover relevant subjects of inquiry (e.g., financial resources, ties to family and community, employment, behavioral health, flight risk, public safety).  Bond commissioners ceased the practice of recommending specific cash bail amounts to the court.  The court's form orders were expanded to solicit findings on the relevant factors and to include a menu of common release conditions (e.g., custodial placement, travel restrictions, electronic monitoring, drug testing, substance abuse treatment, no firearms, house arrest, referrals to outside agencies).  Judges received training, and a bench book was created containing a script and checklist covering relevant subjects of inquiry and information about social services agencies for referrals.  Despite these changes, Plaintiffs contend that Defendants' practices still fall short of constitutional standards in that judges fail to apply proper evidentiary standards, make adequate findings, or articulate their reasoning.

On March 20, 2021, Plaintiffs filed the instant motion to amend the class definition and to create a subclass.  This motion was filed following the close of all discovery and on the eve of the extended deadline for the filing of case-dispositive motions.  As relevant to this motion, Plaintiffs allege that Defendants increasingly impose pre-trial detention orders without any bail condition whatsoever, i.e., a "no bond" order, meaning the arrestee remains detained without

3

the option to post bond at all. Plaintiffs thus seek to expand the class definition to include *all* pre-trial detainees in the 22nd Circuit, whether detained by imposition of excessive bail or by no-bond order, and to convert the originally certified class into a sub-class. Doc. 258.

## DISCUSSION

In support of their motion, Plaintiffs note that Rule 23 allows a court to amend a class definition based on subsequent developments in the litigation. *Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds*, 568 U.S. 455, 479 n.9 (2013) (for the general principle); *Roy v. County of Los Angeles*, 2018 WL 3435417, at *3 (C.D. Cal. July 11, 2018) (amending the class after summary judgment to include individuals detained less than 48 hours due to the same practices affecting those detained more than 48 hours). Defendants assert that such an amendment is improper here because it comes too late and constitutes a different lawsuit. *Durand v. Hanover Ins. Group, Inc.*, 294 F. Supp. 3d 659, 685 (W.D. Ky. 2018) ("[I]t would be unfair to Defendants after years of costly litigation to rule that Defendants must begin anew the process of investigating and discovering the circumstances of an entirely new set of participants …").

The Court agrees with Defendants that Plaintiffs' attempt to broaden the class to include *all* detainees, regardless of circumstances, represents a material departure from the factual and legal theories fueling the original complaint, which focused and even depended squarely on detention due to the indigent status of class members. ("Every day in the City of St. Louis, presumptively innocent individuals remain in jail simply because they are too poor to pay for their freedom." Doc. 1 ¶ 1.) For three years, Plaintiffs'

central premise has been that Defendants fail to consider arrestees' ability to pay. It would be unfair at this late stage to allow Plaintiffs to expand the focus of the lawsuit to include a wholesale challenge to the 22nd Circuit's detention practices. Any such endeavor must be brought as a separate action, perhaps in Missouri state court. *See Dixon v. City of St. Louis*, 950 F.3d 1052, 1056 (8th Cir. 2020).

## CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to amend the class is **DENIED**. Doc. 258.

                                *Audrey G. Fleissig*
                                AUDREY G. FLEISSIG
                                UNITED STATES DISTRICT JUDGE

Dated this 15th day of September 2021.